624 A.2d 773

**Richard E. LITAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COMCAST CABLEVISION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1993.

Decided April 20, 1993.

148

Richard G. Spagnolli, for petitioner.

Terry L.M. Bashline, for respondent.

Before DOYLE and PALLADINO, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Richard E. Litak (Claimant) appeals from part of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's suspension of benefits for Claimant's failure to undergo reasonable and necessary treatment.[1] We affirm.

Claimant sustained a back injury while performing his duties as a line technician for Comcast Cablevision (Employer).[2] Following the injury, Claimant was examined by several orthopedic surgeons, including Robert M. Yanchus, M.D. and Michael P. Casey, M.D. Both doctors diagnosed Claimant as suffering from spondylolisthesis and agreed that surgery was necessary. However, there was a difference of opinion as to which surgical procedure should be employed to treat Claimant.[3] Claimant refused to submit to either of the surgical treatments recommended by these doctors.

Employer subsequently filed a petition for review of benefits and a petition for suspension, which were consolidated for review by the referee. In support of its position, Employer presented medical reports and the deposition testimony of Dr. Yanchus and medical reports of Dr. Casey. Claimant also offered medical reports by Dr. Casey.[4]

Testifying about the surgery that he recommended, Dr. Yanchus estimated the anticipated success rate to be at least eighty percent and expected that Claimant "should certainly be much improved physically." Supplemental Medical Report of Dr. Yanchus, dated June 5, 1990. Dr. Yanchus described the rate of risk as being under four or five percent. Dr. Yanchus also testified, with a reasonable degree of medical certainty, that the benefits that Claimant would receive from having the surgery would outweigh any conceivable medical

1. Other parts of the Board's order are not appealed.

2. The type of work that Claimant was required to perform was classified as heavy.

3. The specifics of the recommended surgeries are not important here.

4. Employer presented medical reports by Dr. Casey dated June 20, 1989 through June 5, 1990. Claimant presented medical reports by Dr. Casey dated October 10, 1990 and April 17, 1991.

risks. Although he acknowledged that the surgery probably would not enable Claimant to return to his pre-injury position, Dr. Yanchus stated that "shooting for medium work would be a reasonable goal."[5] Yanchus' Deposition, at 42.

Medical reports by Dr. Casey indicated that the odds were in Claimant's favor for good resolution of pain and that although there were certain risks involved in the recommended surgery, Claimant would not be subject to any risks other than the normal risks associated with surgery. Dr. Casey also indicated that he did not expect Claimant to return to his previous line of work; however, he did expect Claimant to return to light or moderate status if the results were as anticipated.

Based upon the evidence presented, the referee concluded that Employer sustained its burden of proof by showing that Claimant had refused reasonable and necessary treatment which would reduce his disability. The referee, accordingly, suspended Claimant's benefits.

On appeal, the Board affirmed the part of the referee's decision suspending Claimant's benefits. Specifically, the Board held that the referee's finding that surgery was a reasonable course of treatment was supported by substantial evidence. The Board further held, contrary to Claimant's assertions, that the referee could suspend benefits for Claimant's refusal to undergo reasonable medical treatment without showing availability of work within Claimant's predicted post-surgery limitations.

Two issues are presented on appeal to this court: 1) whether Claimant's refusal to undergo the recommended surgery constituted a refusal of reasonable medical services; and 2) whether Employer was required to show work availability

5. In this regard, Dr. Yanchus also testified as follows:
   If he had a completely successful result, he could theoretically go back to heavy work although most surgeons try to for some reason restrict the individual to no more than medium work.
   Yanchus' Deposition, at 24.

prior to suspending benefits for refusal of reasonable medical treatment.[6]

█ With respect to the first issue, Claimant asserts that the surgery proposed by the doctors was not reasonable within the meaning of Section 306(f)(4) of The Pennsylvania Workmen's Compensation Act (Act).[7] This section provides, in relevant part:

[i]f the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

77 P.S. § 531(4).

In support of his argument, Claimant emphasizes the fact that there was no consensus among the doctors as to what type of surgery was necessary nor as to what degree Claimant would benefit from having the surgery. Moreover, Claimant asserts that because none of the recommended surgical treatments would return him to his pre-injury condition, the medical treatment proposed by the doctors was unreasonable.

In evaluating whether a particular medical treatment is reasonable, our Supreme Court provided the following guidance:

The issue of what constitutes 'reasonable' surgery in a particular case will, of course, constitute a factual inquiry which will be conducted by a referee. If the evidence establishes that the recommended surgery involves *minimal risk* to the patient and offers a *high probability* of success, the proposed surgery is reasonable. . . .

---

**6.** Our scope of review is limited to determining whether constitutional rights were violated or an error of law was committed and whether all necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

**7.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(4).

*Joyce Western Corp. v. Workmen's Compensation Appeal Board (Fichtorn),* 518 Pa. 191, 202, 542 A.2d 990, 996 (1988) (emphasis in original, footnote omitted).

In the instant case, the referee's finding that Claimant refused reasonable medical treatment is amply supported by the testimony of Dr. Yanchus. Specifically, Dr. Yanchus estimated the risk to be under five percent and the success to be at least eighty percent.[8] We agree with the Board that "the evidence of record supports the fact that *some* type of surgery on Claimant's back would have been reasonable under the circumstances." Board's Decision and Order of April 30, 1992, at 6 (emphasis added).

If we were to accept Claimant's argument that a consensus among doctors is necessary before treatment will be deemed reasonable, a reasonable medical treatment would be rare indeed. As recognized by the Board, "[m]edical science is not an exact science where all physicians are going to agree on the type of treatment available to them." *Id.* Therefore, the fact that at least one of the recommended surgeries involves minimal risk and a high probability of success is sufficient to constitute "reasonable" medical treatment.[9]

■ With respect to Claimant's assertion that the proposed surgeries were unreasonable because none of them would return him to his pre-injury health, this court only has required that the medical treatment improve a claimant's condition. *See Mills v. Workmen's Compensation Appeal Board (Super City Manufacturing, Inc.),* 138 Pa.Commonwealth Ct. 691, 588 A.2d 1350 (1991). In the instant case, both doctors agreed that surgery of some type would improve Claimant's

8. Although Claimant states that "[t]his appeal does not challenge the Referee's right to make credibility determinations," Claimant's Brief, at 11, Claimant makes assertions that attempt to undermine the credibility of Dr. Yanchus. The law is well settled that it is the referee's province to resolve questions of credibility. *Kovalchick Salvage Co. v. Workmen's Compensation Appeal Board (St. Clair),* 102 Pa.Commonwealth Ct. 562, 519 A.2d 543 (1986). Therefore, we will not address these assertions.

9. Although Dr. Casey did not express the rates of risk and success in terms of percentages, he indicated that the odds were in Claimant's favor for good resolution of pain and that the risks were none other than the normal risks associated with surgery.

condition. Moreover, although both doctors agreed that surgery would not allow Claimant to return to his pre-injury job, they expected that the surgery would lessen Claimant's disability by increasing his capacity from sedentary to "medium" or "moderate" work. We, therefore, find Claimant's argument to be without merit.

Based on the foregoing, we conclude that surgery was reasonable under Section 306(f)(4) of the Act. Because a plain reading of this statute mandates that an employee who refuses reasonable medical treatment "shall forfeit *all* rights to compensation," 77 P.S. § 531(4) (emphasis added), we also conclude that the Board's suspension of Claimant's benefits was proper and in accordance with the language of the Act.[10]

Next, Claimant asserts that, before requiring him to undergo surgery, Employer should be required to demonstrate work availability within Claimant's predicted limitations following surgery. Claimant's reasoning is that there is little motivation for a claimant to seek "risky and uncertain" medical treatments when he knows for "certain that even if the treatment is successful he will not be able to return to his pre-injury job and the employer has not shown any work availability at the employee's projected capabilities." Claimant's Brief, at 23. In support of his position, Claimant relies on *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), in which our Supreme Court held that an employer must prove the availability of suitable employment for a disabled claimant before a modification of benefits may be effected.

The instant case is distinguishable, however, in that Employer is not seeking a modification of Claimant's benefits.

10. Claimant cites *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa.Commonwealth Ct. 596, 476 A.2d 989 (1984), in which we held that Section 306(f)(4) does not require that a claimant, who has refused reasonable medical services which could substantially lessen a disfigurement, forfeit all rights to compensation arising from his initial injury. We, however, find *Republic* to be factually distinguishable from the instant case in that the *Republic* claimant was awarded benefits for serious and permanent disfigurement under Section 306(c)(22) of the Act. This case, therefore, is not controlling.

Instead, Claimant forfeited his rights to benefits under Section 306(f)(4). Again, the language of this statute is instructive. We note that a plain reading of the section indicates that a claimant forfeits all rights to compensation if he refuses reasonable medical services. This forfeiture in no way depends upon the employer first producing evidence of work availability within the claimant's predicted post-surgery capabilities. Moreover, such an obligation would require that an employer hypothecate regarding an employee's predicted job limitations. The language of Section 306(f)(4) simply does not lend support to this proposition. Therefore, we conclude that the Board did not err in concluding that Employer was not required to show work availability prior to suspending Claimant's benefits for refusal of reasonable medical treatment.

Accordingly, the part of the Board's order suspending Claimant's benefits is affirmed.

## ORDER

AND NOW, April 20, 1993, the part of the order of the Workmen's Compensation Appeal Board suspending benefits in the above-captioned matter is affirmed.