**GENUARDI SUPERMARKETS,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (OVACK),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 26, 1996.

Decided April 17, 1996.

Robin M. Romano, for Petitioner.

Neil S. Kerzner, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Genuardi Supermarkets (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which reversed that portion of a referee's [1] decision suspending benefits to Suzanne Ovack (Claimant) because of her refusal to submit to reasonable medical treatment.[2] We affirm.

On December 13, 1989, Claimant was injured while performing her duties as a baker for Employer. Claimant filed a claim petition and, pursuant to a notice of compensation payable, Employer commenced payment of benefits for back pain. In October of 1992, Employer filed a petition to suspend benefits alleging that Claimant refused to submit to reasonable medical treatment consisting of an aggressive work-hardening program.[3]

The case proceeded to a hearing before a referee on June 1, 1993. In addition to her own testimony, Claimant presented the deposition testimony of her physicians, Dr. Steinhouse and Dr. Ruth. Employer submitted the deposition testimony of Dr. Collier, who had performed an independent medical evaluation at Employer's request.

The referee, by decision and order dated February 23, 1994, upheld Employer's petition to suspend Claimant's benefits. The referee made twenty-one findings of fact, including the following relevant findings:

16. Claimant did not submit to an aggressive work hardening program.

. . . .

20. Claimant is found to be in need of reasonable medical care in the form of aggressive work hardening program and this fact was communicated to her attorney by letter dated July 16, 1992 and thus, since Claimant has failed to undergo said medical care, her benefits should be suspended as of July 16, 1992.

(R.R. 284a.)

Thereafter, the referee concluded that, as a matter of law, Employer sustained its burden of proving that Claimant "refused to undergo reasonable medical treatment in the form of aggressive work hardening program and therefore her benefits should be suspended." (R.R. 285a.)

On appeal to the Board, Claimant argued that the referee erred in suspending her benefits because Dr. Collier's testimony did not support the referee's conclusion that Employer met its burden of proving that the medical treatment, which Claimant refused to undergo, was reasonable. The Board agreed and reversed that portion of the referee's decision suspending Claimant's benefits.

■ The sole issue presented for our review is whether the Board committed an error of law in reversing the referee's order suspending Claimant's benefits by way of forfeiture, because there was not substantial evidence that the work-hardening program prescribed by Employer's physician constituted reasonable medical treatment which was refused by Claimant.[4]

1. Pursuant to the 1993 amendments to Section 401 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701, referees are now called Workers' Compensation Judges. *See* Act 44, Act of July 2, 1993, P.L. 190. However, because this case was commenced before August 31, 1993, the effective date of the amendments, we will use the term referee.

2. The other parts of the Board's order, which affirmed the referee's order granting Employer's petition to review medical expenses and directed Employer to pay Claimant's reasonable litigation costs, are not appealed.

3. The prescribed work-hardening program consisted of an aggressive physical therapy program three to five times per week for ten weeks, which would ideally increase the range of motion, strength, flexibility, and general conditioning of Claimant's neck, back, and upper and lower extremities. This program was in contrast to the passive modalities which Claimant was receiving for the prior two and a half years.

4. Our standard of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether all necessary findings of fact are supported by substantial competent evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

**1196**

Forfeiture of benefits is governed by Section 306(f.1)(8) of the Act, 77 P.S. § 531(8) which provides:

(8) If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal.

An employer who seeks a forfeiture of benefits bears the burden of establishing that the employee is no longer entitled to benefits. *Byrd v. Workmen's Compensation Appeal Board (Temco Services Industries)*, 81 Pa. Cmwlth. 325, 473 A.2d 723 (1984). The standard for determining whether a claimant's refusal to accept medical services is reasonable is whether the services themselves are reasonable, not whether the claimant's refusal is reasonable. *Muse v. Workmen's Compensation Appeal Board*, 514 Pa. 1, 522 A.2d 533 (1987). Moreover, the issue of what constitutes reasonable medical treatment is a factual inquiry, and if the evidence shows that proposed treatment offers a high degree of success at a minimal risk to a claimant, treatment will be deemed reasonable and may not be refused by the claimant without loss of benefits. *Ashe v. Workmen's Compensation Appeal Board (American Steel and Aluminum Corporation)*, 140 Pa. Cmwlth. 615, 594 A.2d 824 (1991).

Employer argues that, based upon Dr. Collier's testimony as a whole, it is clear that he believed that Claimant's participation in the work-hardening program would be successful and improve Claimant's work-related injuries. After reviewing Dr. Collier's testimony, which the referee and the Board found credible, we disagree.

In regard to the work-hardening program, Dr. Collier testified that his goal would be to "decrease her symptomatology and to functionally make her better and to condition her and get her back into shape." (R.R. 29a.) The doctor's other testimony concerning the work-hardening program was as follows:

THE WITNESS: I'd have to say with all my experience in treating people with these type injuries, putting somebody in work hardening and doing active thera-py—that would be my intent to get her back and make her functionally better.

(R.R. 32a.)

There is no disputing that Dr. Collier's intention was to make Claimant functionally better and get her back to work, but Dr. Collier's deposition is void of any testimony concerning the degree of success and potential risks of his proposed treatment as is required by our case law. *See Litak v. Workmen's Compensation Appeal Board (Comcast Cablevision)*, 155 Pa.Cmwlth. 147, 624 A.2d 773 (1993), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 293 (1993). Additionally, because the referee's analysis must focus on the reasonableness of the proposed treatment, Dr. Collier's *intent* or *goal* to make Claimant functionally better is irrelevant as it does not aid in the required reasonableness analysis.

Dr. Collier's testimony does not support the referee's finding and conclusion that the proposed treatment was reasonable. Thus, because there was no evidence that could be utilized to evaluate the reasonableness of the work-hardening program, the Board properly concluded that the referee erred in finding that the proposed treatment was reasonable.

Accordingly, we affirm the order of the Board.

*ORDER*

NOW, April 17, 1996, the order of the Workmen's Compensation Appeal Board, No. A94–0766, dated July 25, 1995, is affirmed.