**Stephanie BEREZNICKI, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (EAT 'N PARK HOSPITALITY GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 2009.
Decided Oct. 19, 2009.
Publication Ordered Jan. 12, 2010.

Dominic D. Salvatori, Pittsburgh, for petitioner.

Margaret M. Hock, Pittsburgh, for respondent.

BEFORE: LEADBETTER, President Judge, and KELLEY, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge QUIGLEY.

Stephanie Bereznicki (Claimant) petitions for review of the May 20, 2009 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of Workers' Compensation Judge (WCJ) Pamela L. Briston to grant Eat 'N Park Hospitality Group's (Employer) suspension petition under Section 306(f.1)(8) of the Worker's Compensation Act [1] (Act) due to Claimant's refusal of reasonable medical treatment that would have improved her ability to function and return to work. We affirm.

On June 6, 1996, Claimant sustained a work-related low back strain, which Employer acknowledged in a Notice of Compensation Payable dated June 26, 1996. Ten years later, in 2006, Employer filed a termination petition, alleging that Claimant had fully recovered from her work injury. About the same time, Claimant filed a Utilization Review (UR) review petition, challenging a UR determination that the medications Claimant was receiving from Dr. Peter Tanzer were not reasonable and necessary.

WCJ David Henry denied Employer's termination petition, finding that Claimant is a member of a small group of individuals who cannot fully recover from lumbar strains due to congenital defects in the lumbar spine. However, based on the credible testimony of Dr. Stephen Thomas, WCJ Henry decided that the medications prescribed by Dr. Tanzer were not reasonable and necessary, stating:

I find that the claimant would be in need of a detox program to help wean her off of most of her medications now being prescribed. If the claimant were to engage in such a program, under the direction of anyone other than Dr. Tanzer, that treatment may indeed be reasonable and necessary.

(WCJ Briston's op. at 2.)

Following WCJ Henry's decision, Employer offered Claimant a detox program to be administered by Dr. Thomas. Claimant's counsel responded that he did not interpret WCJ Henry's decision to require that Claimant participate in a detox program and that he did not feel it appropriate for Claimant to enter a detox program administered by Dr. Thomas. Employer then offered Claimant the opportunity to enter a detox program under the direction of any physician other than Dr. Tanzer. However, Claimant refused the offer.

Employer filed a suspension petition, alleging that Claimant refused reasonable medical treatment, and hearings were held before WCJ Briston. In support of the petition, Employer offered the deposition and prior testimony of Dr. Thomas. Dr. Thomas testified that: (1) Claimant is taking Methadone, Oxycodone, Neurontin, Alprazolam, Zanaflex, Effexor, Wellbutrin, Depakote and Etodolac; (2) a chronic pain management program would allow Claimant to return to normal neurologic function by decreasing the toxic doses of the medications; (3) any program that would decrease the toxic dose of the opioids would be in Claimant's best medical interest; (4) a supervised detox program entails very little risk; and (5) although such a pro-

---

1. Act of June 2, 1915 P.L. 736, *as amended*, 77 P.S. § 531(8). Section 306(f.1)(8) of the Act states that if the employee shall refuse reasonable services of health care providers, surgical, medical and hospital services, treat- ment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

gram would not help her return to her pre-injury job, it would make it possible for her to love, work and play. Claimant did not testify.

After considering the evidence, WCJ Briston accepted Dr. Thomas's opinion that a detox program would improve Claimant's ability to love, work and play. WCJ Briston realized that the program would not guarantee that Claimant could return to her pre-injury job, but the WCJ believed that an improvement of functioning would make it possible for Claimant to work.[2] Thus, WCJ Briston decided that Claimant refused reasonable medical treatment that would improve her ability to function and return to work. Claimant appealed to the WCAB, which affirmed. Claimant now petitions this court for review.[3]

■ Claimant argues that Employer was not entitled to a suspension of benefits because Dr. Thomas did not clearly testify that a detox program would increase Claimant's capacity to work. In making this argument, Claimant points out that, although Dr. Thomas believed that a detox program would allow Claimant to love, work and play, Dr. Thomas stated that returning Claimant to work would not be the goal of the treatment. We reject this argument.

■ Section 306(f.1)(8) of the Act states that, if an employee refuses reasonable treatment, the employee shall forfeit all rights to compensation for any increase in incapacity resulting from such refusal. Treatment is reasonable if it is highly probable that the treatment will cure the health problem and enhance the claimant's prospects for gainful and fulfilling employment. *Kneas v. Workmen's Compensation Appeal Board (Cross Country Clothes)*, 685 A.2d 248 (Pa.Cmwlth.1996), *appeal denied*, 548 Pa. 650, 695 A.2d 788 (1997). In this case, a detox program would wean Claimant from toxic doses of medication, curing that health problem,[4] allowing Claimant to return to normal functioning and enhancing her prospects for gainful and fulfilling employment. Although such a program would not return Claimant to her pre-injury job, her refusal of such treatment certainly increases her incapacity.

■ Claimant also argues that Dr. Thomas's testimony should have been barred by collateral estoppel because, in litigating Employer's termination petition, Dr. Thomas testified that Claimant had fully recovered from her work injury, and WCJ Henry rejected that testimony. However, collateral estoppel only forecloses the re-litigation of identical issues. *Galloway v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 690 A.2d 1288 (Pa.Cmwlth.), *appeal denied*, 549 Pa. 719, 701 A.2d 579 (1997). The issue here is not whether Claimant has fully recovered from her work injury.

Accordingly, we affirm.

2. In *Litak v. Workmen's Compensation Appeal Board (Comcast Cablevision)*, 155 Pa.Cmwlth. 147, 624 A.2d 773, *appeal denied*, 536 Pa. 634, 637 A.2d 293 (1993), this court stated that the proposed treatment only had to improve a claimant's condition; it did not have to return a claimant to pre-injury health.

3. Our scope of review is limited to determining whether constitutional rights have been violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. We note that Claimant was receiving toxic doses of medications in an effort to treat her work injury. Thus, this health problem is related to the work injury.

## ORDER

AND NOW, this 19th day of October, 2009, the order of the Workers' Compensation Appeal Board, dated May 20, 2009, is hereby affirmed.