557 A.2d 450

Clarence W. Donton, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Prestolite Battery), Respondents.

Submitted on briefs February 24, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Ronald R. Pellish, Pellish & Pellish,* for petitioner.

*Stephen P. Ellwood,* for respondent.

OPINION BY SENIOR JUDGE BLATT, April 21, 1989:

Clarence W. Donton, Jr. (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision suspending the compensation of the claimant as of May 21, 1987.

The claimant sustained a work-related injury on July 19, 1985. He had been receiving compensation at the rate of $336.00 per week pursuant to a Notice of Compensation Payable issued August 21, 1985. In late 1985 and early 1986, the claimant was examined by Dr. Michael Dawson (claimant's doctor) and Dr. Ellis Friedman (employer's doctor). Both doctors diagnosed the claimant's injury as a herniated lumbar disc. Both doctors also recommended surgery as the appropriate means for treating the claimant's injury. The claimant refused to allow either of the recommended procedures to be performed on his back because the doctors would not guarantee that the surgery would be successful.

Prestolite Battery (employer) filed a Petition for Review on February 21, 1986, and an Amended Petition for Review on April 7, 1986. On June 23, 1987, the referee issued a decision and order suspending the claimant's compensation. Based upon the testimony of both the claimant's doctor and the employer's doctor, and considering that the claimant would accept no surgery unless positive results were guaranteed, the referee found that the claimant refused reasonable services and had, therefore, forfeited his rights to further compensation under Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531(4).[1]

---

[1] This section provides, in pertinent part, that "[i]f the employe shall refuse reasonable surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

The claimant appealed the referee's decision to the Board. The Board, citing *Muse v. Workmen's Compensation Appeal Board,* 514 Pa. 1, 522 A.2d 533 (1987), affirmed the referee's decision. It is from this order of the Board that the claimant appeals.

The issue before this Court is whether the Board erred in affirming the referee's determination that the services the claimant refused were reasonable. Where, as here, the party with the burden of proof has prevailed and the Board has taken no additional evidence our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law committed, or findings of fact have not been supported by substantial evidence. *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 469, 434 A.2d 228 (1981).

In its opinion affirming the referee, the Board cites *Muse* as authority for the analysis used in a Section 306(f), refusal of reasonable services case. We are in agreement with the Board. In the instant case, the focus is upon the services available to the claimant and the reasonableness thereof. *Muse,* 514 Pa. at 7, 522 A.2d at 536. The reasonableness of these services is a finding of fact to be made by the referee.

In his decision the referee here made this finding of fact:

10. Your Referee finds that the surgical procedures suggested by the physicians are reasonable and Claimant's refusal to permit either surgery unless a guarantee is given is unreasonable compared to the benefit that would probably result.

The claimant's doctor recommended a procedure referred to as chemonucleolysis. Using this procedure, he predicted that the claimant had an 85% chance of complete or near-complete recovery. The risks involved with

the procedure, as described by the claimant's doctor, were only slightly greater than the risks inherent in any type of surgical procedure. The employer's doctor recommended that the claimant undergo a lumbar laminectomy. His prognosis for the claimant, as to the results of the surgery, was an excellent chance for a complete recovery. The employer's doctor further testified that his last thirty lumbar laminectomies on patients with conditions similar to the claimant's were complete successes with all patients able to return to their regular work within four months. This testimony, in addition to the claimant's unreasonable demand for an absolute guarantee of success, amply supports the referee's finding that the medical services available to the claimant were reasonable.

Accordingly, we will affirm the order of the Board.

### ORDER

AND NOW, this 21st day of April, 1989, the order of the Workmen's Compensation Appeal Board in the abovecaptioned matter is hereby affirmed.