890 A.2d 1045

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION**

v.

**WORKERS' COMPENSATION APPEAL BOARD (EXEL LOGISTICS).**

**Appeal of Exel Logistics.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 2004.

Decided Dec. 30, 2005.

86

Daniel Vincent DiLoretto, Philadelphia, for Excel Logistics Corporation.

Thomas Paul Howell, for Bureau of Workers' Compensation.

Amber Marie Kenger, Richard C. Lengler, Harrisburg, for Workers' Compensation Appeal Board.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice EAKIN.

Exel Logistics appeals from the order of the Commonwealth Court reversing the order of the Workers' Compensation Appeal Board (WCAB), which granted Supersedeas Fund reimbursement. We affirm.

Appellant issued a notice of compensation payable after claimant sustained a work-related shoulder injury while employed at appellant's business in May, 1993. In August, 1997, pursuant to § 306(f.1)(8)[1] of the Workers' Compensation Act, appellant filed a petition for forfeiture, alleging claimant refused reasonable medical treatment, and requested a supersedeas while its petition was pending. In January, 1998, the Workers' Compensation Judge (WCJ) denied appellant's request for supersedeas; appellant continued to pay compensation and medical benefits. In January, 1999, the WCJ granted appellant's petition for forfeiture for the period July 14, 1995, through September 30, 1998, finding claimant refused reasonable medical treatment.

Appellant filed a petition for Supersedeas Fund reimbursement, requesting $17,798.67 in compensation and $1,375.25 in medical bills paid while its forfeiture petition was pending. The WCJ denied appellant's petition, finding it did not fulfill the requirements for Supersedeas Fund reimbursement because the request for forfeiture was made pursuant to § 306(f.1)(8), and not pursuant to §§ 413[2] or 430[3] of the Act.

**1.** Section 306(f.1)(8) provides:

> If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal. 77 P.S. § 531(8).

**2.** Section 413 provides:

> (1) The filing of a petition to terminate, suspend or modify a notice of compensation payable or a compensation agreement or award as

The WCAB, however, granted appellant's request for Supersedeas Fund reimbursement, concluding the request fell under § 430. The Commonwealth Court reversed, holding § 443[4] specifically provides for Supersedeas Fund reimbursement only where the request was under §§ 413 or 430; § 306(f.1)(8) itself does not allow for reimbursement. *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Exel Logistics)*, 827 A.2d 529, 533 (Pa.Cmwlth.2003). We granted review to consider the application of § 443 in the context of forfeiture petitions under § 306(f.1)(8).

 This Court's appellate review in workers' compensation matters is limited to determining whether an error of law

provided in this section shall automatically operate as a request for a supersedeas to suspend the payment of compensation fixed in the agreement or the award where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect, which is based upon an examination made within twenty-one days of the filing of the petition. A special supersedeas hearing before a workers' compensation judge shall be held within twenty-one days of the assignment of such petition. . . .
(2) In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case. . . .
77 P.S. § 774.

3. Section 430 provides:
(a) The lien of any judgment entered upon any award shall not be divested by any appeal.
(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.
77 P.S. § 971.

4. Section 443 provides:
If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. . . .
77 P.S. § 999(a).

was committed, whether constitutional rights were violated, whether practices or procedures of a Commonwealth agency were followed, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Hannaberry HVAC v. Workers' Compensation Appeal Bd. (Snyder, Jr.)*, 575 Pa. 66, 834 A.2d 524, 527 (2003). In examining questions of law, our scope of review is plenary. *Daniels v. Workers' Compensation Appeal Bd. (Tristate Transp.)*, 574 Pa. 61, 828 A.2d 1043, 1046–1047 (2003).

Appellant argues the Commonwealth Court's decision is unreasonable and absurd in that it allows an injured worker to refuse reasonable medical treatment without the loss of benefits and penalizes an employer by disallowing Supersedeas Fund reimbursement, thus leaving an employer no possibility of monetary recovery. Appellant contends forfeiture petitions under § 306(f.1)(8) have been equated with suspension petitions under § 413, and that the result here conflicts with the Commonwealth Court's own precedent.

The Commonwealth Court has held where a claimant forfeits his right to compensation by refusing reasonable medical treatment, a petition for suspension of benefits is properly granted. *See Litak v. Workmen's Comp. Appeal Bd. (Comcast Cablevision)*, 155 Pa.Cmwlth. 147, 624 A.2d 773, 775 (1993); *see also Davis v. Workers' Comp. Appeal Bd. (Acme Markets, Inc.)*, 711 A.2d 1096 (Pa.Cmwlth.1998) (grant of suspension petition filed in accordance with § 413 proper where reasonable treatment refused by claimant); *Stuart Painting Co. v. Workmen's Comp. Appeal Bd. (Asvestas)*, 148 Pa.Cmwlth. 411, 611 A.2d 787 (1992) (suspension of benefits for claimant's refusal to submit to reasonable medical services); *Donton v. Workmen's Comp. Appeal Bd. (Prestolite Battery)*, 125 Pa.Cmwlth. 324, 557 A.2d 450 (1989) (suspension of compensation proper for refusal of reasonable treatment).

These cases reflect a sometimes casual use of the term "suspension." While each turns on the claimant's refusal of reasonable treatment as required by § 306, each specifically deals with a petition for suspension. None of these cases hold that a petition alleging the forfeiture of the right to compensa-

tion is the same as a petition seeking suspension of benefits. A claimant forfeits his right to benefits when he refuses reasonable medical services for his work-related injuries. *See* 77 P.S. § 531(8). An employer may seek a suspension of benefits for other reasons, however, such as an improvement in earning power altering a claimant's need for benefits. *See Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301, 304–05 (1990) ("A 'suspension of benefits' is supported by a finding that the earning power of the claimant is no longer affected by his disability, whether it arises from his employer offering suitable replacement employment, or from the ability of the claimant to secure other suitable employment that provides equal or greater compensation."). Forfeiture is based on the claimant's own unwillingness to receive treatment rather than a change in status. With forfeiture, there is no requirement of a change which alters a claimant's right to benefits, as exists with a suspension of benefits. Because appellant's petition was under the forfeiture section, it was not a suspension petition, and cannot fall under § 413; thus, appellant is not entitled to reimbursement from the Supersedeas Fund.

Further, contrary to the conclusion of the WCAB, a forfeiture petition does not fall under § 430. Section 430 prohibits an employer from terminating, decreasing, or refusing to make a payment after benefits have been awarded without first filing and being granted a supersedeas. An employer filing a forfeiture petition, however, is not contesting disability but rather is alleging a claimant has forfeited his right to benefits by refusing reasonable medical treatment.

Appellant contends Commonwealth Court precedent has permitted Supersedeas Fund relief for petitions filed under § 306(f)[5] of the Act for medical expenses ultimately determined to have been erroneously paid. *Dep't of Labor and Indus. v. Workmen's Comp. Appeal Bd. (Commercial*

5. At the time *Dep't of Labor and Indus. v. Workmen's Comp. Appeal Bd. (Commercial Union Ins. Co.)*, 137 Pa.Cmwlth. 387, 586 A.2d 496 (1991), aff'd per curiam, 533 Pa. 112, 619 A.2d 1356 (1993), and *Ins. Co. of N. Am. v. Workmen's Comp. Appeal Bd. (Kline and Packard Press)*, 137

*Union Ins. Co.)*, 137 Pa.Cmwlth. 387, 586 A.2d 496, 499 (1991), *aff'd per curiam*, 533 Pa. 112, 619 A.2d 1356 (1993), and *Ins. Co. of N. Am. v. Workmen's Comp. Appeal Bd. (Kline and Packard Press)*, 137 Pa.Cmwlth. 393, 586 A.2d 500, 502–03 (1991), *aff'd per curiam*, 533 Pa. 112, 619 A.2d 1356 (1993), decided that compensation under § 443 of the Act was deemed to include medical expenses and thus, reimbursement could be obtained from the Supersedeas Fund for such expenses. Once again, we are not persuaded by these decisions that a petition for forfeiture is the equivalent to a petition for suspension or termination under § 413 or § 430, and find the plain language of § 443 does not authorize reimbursement to employers seeking relief under § 306(f) of the Act.

Section 443(b) of the Act speaks of the establishment of the Supersedeas Fund with the purpose of providing moneys for payments pursuant to § 443(a). *See* 77 P.S. § 999(b). Looking at the plain language of subsection (a), the supersedeas must have been requested under § 413 or § 430, to warrant reimbursement. *See id.*, § 999(a). Simply put, § 443 does not authorize reimbursement for a § 306(f) claim, and the language of § 306(f) itself does not allow supersedeas reimbursement. Based on the plain language of the statute, Supersedeas Fund reimbursement is not available for petitions filed under § 306(f.1)(8).

Order affirmed.

Chief Justice CAPPY and Justices NIGRO and SAYLOR join the opinion.

Justice NEWMAN files a dissenting opinion in which Justices CASTILLE and BAER join.

Pa.Cmwlth. 393, 586 A.2d 500 (1991), *aff'd per curiam*, 533 Pa. 112, 619 A.2d 1356 (1993), were decided, § 306(f) read:

> The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided. . . . Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner . . . files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.

77 P.S. § 531.

## DISSENTING OPINION

Justice NEWMAN.

The Majority concludes that Exel Logistics (Employer) is not entitled to Supersedeas Fund reimbursement in the instant matter because a petition seeking a forfeiture of benefits is not the functional equivalent of a suspension petition. I disagree with this characterization and conclude that this result is clearly erroneous. Therefore, I must dissent.

On June 7, 1993, Employer issued a Notice of Compensation Payable to Donald Buehler (Claimant) for a May 19, 1993 work-related injury to his right shoulder. On August 11, 1997, pursuant to Section 306(f.1)(8), 77 P.S. § 531(8), alleging that Claimant refused reasonable medical treatment, Employer filed a Petition entitled Petition for Forfeiture of Benefits, subsequently filing its request for supersedeas on September 8, 1997. According to the Majority, "Section 306(f.1)(8) itself does not allow for reimbursement." (Majority Op. 586 Pa. at 88, 92, 890 A.2d at 1048, 1050.) However, I believe this misstates the effect of Section 306(f.1)(8), which does not preclude reimbursement; rather it is merely silent as to reimbursement.

The legal source of the right to reimbursement from the Supersedeas Fund is Section 443(a) of the Workers' Compensation Act (Act).[1] That Section, in pertinent part, provides as follows:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a) (footnote omitted). Section 443(b) created the Supersedeas Fund from which reimbursement flows, delineates its statutory purpose, and provides in relevant part:

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999(a).

(b) There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. *The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a),* to include reimbursement to the Commonwealth for any such payments made from general revenues.

77 P.S. § 999(b) (emphasis added). The General Assembly created the Supersedeas Fund to balance the rights of employers against the requirement that injured employees receive compensatory benefits immediately, even where an employer disputes his or her entitlement. Section 443 is explicit in stating that supersedeas reimbursement is limited to those instances where the request was made pursuant to Section 413 or Section 430 and was denied. The elements require that: (1) supersedeas be requested pursuant to Section 413; (2) the request for supersedeas be denied; (3) payments were continued because of the supersedeas denial (4) the proceedings became final; and (5) the compensation was not payable.

Section 413 of the Act sets forth the authority of a Workers' Compensation Judge (WCJ) to "at any time, modify, reinstate, suspend, or terminate ... an award of the department or its workers' compensation judge upon petition filed by either party ..." 77 P.S. § 772. Section 413 is the only place in the Act where the broad grant of authority to change the compensation due to a claimant appears. Elsewhere, the Act contains only specific grants of authority for actions that may be taken by a WCJ.

Section 413 is also important for establishing requirements for both an automatic supersedeas and one like that at issue, one that is discretionary. Section 413 also indicates that, when a petition is filed pursuant to Section 413, it will serve to "suspend payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require." 77 P.S. § 774(2). Thus, Section 413 extends its reach to all those petitions that seek to alter the workers' compensation

award. A forfeiture of benefits is such a petition and, thus, comes within the purview of Section 413.

Section 413 further indicates that a WCJ may approve a request for supersedeas upon "proof of any other fact which would serve to modify or terminate payment of compensation...." 77 P.S. § 774(2). There is nothing in this language that limits approval of a supersedeas request to only certain types of petitions. The limiting language, where there is any, is contained in the detailed statutory sections relative to each specific action. That is why Section 314, 77 P.S. § 651, for example, specifies that any monies paid by an employer to a claimant while the claimant is refusing to undergo a physical examination are to be recouped from future compensation payments and Section 306(f.1)(8) is silent in terms of a remedy. Section 306(f.1)(8) is silent on the subject because, in my view, it comes within the ambit of Section 413.

Section 413(b) also mandates that an employer not suspend payments to a claimant without requesting and being granted a supersedeas. 77 P.S. § 774.1. The unstated intent of this section is to penalize any action by an employer pursuing self help by withholding compensation rather than availing itself of its remedies and securing a supersedeas. This is also analogous to Section 430, upon which the Board grounded its decision. The Majority determines that the Board was mistaken and that a forfeiture petition cannot fall under Section 430. Yet, an employer, who is obligated to pay a claimant benefits, may cease paying benefits only if it satisfies one of the following conditions: (1) submits a supplemental agreement to a WCJ pursuant to Section 408 (77 P.S. § 732); (2) submits a final receipt to a WCJ signed by the claimant pursuant to Section 434 (77 P.S. § 1001); (3) secures an order from a WCJ granting a discretionary supersedeas initiated by petition (77 P.S. § 774); (4) files a Notice of Suspension upon the claimant's return to work pursuant to Section 413(c) (77 P.S. § 774.2); or (5) secures a final order from a WCJ terminating benefits. In the instant matter, Employer submitted a Petition pursuant to Section 413 specifically request-

ing a discretionary supersedeas and, upon its denial, continued compensation payments.

Therefore, the General Assembly has carefully constructed a comprehensive scheme for suspending, modifying, reinstating, or terminating benefits, with accompanying provisions for a supersedeas. Included within this scheme is the forfeiture of benefits where a claimant has refused reasonable medical treatment. Contrary to the Majority's belief that there are no cases holding that a petition alleging a forfeiture is the same as a petition seeking suspension of benefits, the courts of this Commonwealth have treated a forfeiture of benefits as a suspension[2] in part because, when a claimant recants and chooses to undergo the reasonable medical treatment, the forfeiture is lifted. *Stuart Painting Co. v. Workmen's Comp. Appeal Bd. (Asvestas)*, 148 Pa.Cmwlth. 411, 611 A.2d 787 (1992) (holding that forfeiture pursuant to statute providing that employee who refuses reasonable medical treatment shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal is to be treated as a suspension rather than a termination). We also previously addressed the filing of a Section 306(f.1) claim as a Section 413 Petition in *Muse v. Workmen's Compensation Appeal Board (Western Electric)*, 514 Pa. 1, 522 A.2d 533 (1987). *Accord Joyce Western Corp. v. Workmen's Comp. Appeal Bd. (William P. Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988).

The Majority grounds its decision on the premise that there is no requirement for a change in the claimant's condition

---

**2.** *See, e.g., Davis v. Workers' Comp. Appeal Bd. (Acme Markets, Inc.)*, 711 A.2d 1096 (Pa.Cmwlth.1998) (holding that the WCJ properly granted a suspension petition under Section 413 where the claimant refused medical treatment); *Sears, Roebuck & Co. v. Workers' Comp. Appeal Bd. (Lear)*, 707 A.2d 618, 619 (Pa.Cmwlth.1998) (employer filed a "petition to terminate, modify or suspend Claimant's benefits [alleging] that Claimant has refused and/or is unwilling to undergo reasonable and necessary medical treatment"); *Litak v. Workmen's Comp. Appeal Bd. (Comcast Cablevision)*, 155 Pa.Cmwlth. 147, 624 A.2d 773 (1993) (where employer filed a Petition to Review Benefits alleging that the claimant refused to undergo reasonable and necessary treatment); *Stuart Painting.*

when a petition requesting a forfeiture of benefits is presented. However, a review of the cases and the Section 413 "Petition to:" (Form LIBC–378)[3] reveals that this petition is used when a claimant has refused employment, refused reasonable medical treatment, refused a physical examination, requests a change to the notice of compensation payable, or a correction in the average weekly wage, none of which require a change in physical condition and the first three of which can result in a suspension of benefits.

Within this legislatively created workers' compensation scheme, there are a limited number of petitions that can be filed to commence a workers' compensation proceeding. There is a Claim Petition, a "Petition to" (review, modify, terminate, suspend, or reinstate) (Form LIBC–378), Petition for Physical Examination or Expert Interview, Utilization Review Request, Application for Supersedeas Fund Reimbursement, and Request for Designation of a Physician. There is no specific petition designated as a forfeiture petition. This is because, to obtain a forfeiture of benefits, the employer must file a "Petition to:".

The Claim Petition commences proceedings seeking a determination as to whether the claimant has a compensable injury and entitlement to benefits. Form LIBC–378 is a Section 413 Petition and the document utilized when an action implicating the workers' compensation award is initiated, in check-the-box format. The form itself states that the employer/employee is asking the WCJ to take one or more specific actions to alter the award, which are listed at the top of the form—none of those listed actions is the forfeiture of benefits. To make use of the form, the employer selects the action it requires (such

3. Form LIBC–378 is entitled merely "PETITION TO:" because of the many different actions that a claimant or an employer may request pursuant to this petition. Either party may request review, termination, modification, reinstatement, or suspension of an award for any of the reasons listed in the bottom portion of the form. This form is also used to request that a final receipt be set aside or seek approval of a compromise and release agreement. All of the actions that may be taken by filing this form impact the workers' compensation award.

as "Suspend Compensation Benefits") in the top portion of the form. In the lower third of the form are various boxes to check to indicate the basis on which the request is made. Box number six is entitled "Reasonable Treatment Refused," which is based on Section 306(f.1)(8). Thus, Form LIBC–378 is a Section 413 Petition. Clearly, then, the request is made pursuant to Section 413, which governs modification, suspension, termination, or reinstatement of benefits by a WCJ. Finally, the second page of Form LIBC–378 has a place to check whether a supersedeas is requested pursuant to Section 413, 77 P.S. § 772, when a supersedeas is not automatic pursuant to 77 P.S. § 771. Employer checked this box.

I recognize that Employer filed a more formal document in this case seeking the forfeiture of Claimant's benefits because he did not accept reasonable medical treatment. Employer followed this document with a Form LIBC–378 and checked the box on the reverse side requesting a Section 413 supersedeas. Also, Employer believed that it was filing a Section 413 Petition. (*See* Original Record, Appeal from Judge's Findings of Fact and Conclusions of Law dated December 20, 2001, appealing from Finding of Fact 3(a) as "a mischaracterization of the Suspension Petition filed by the Employer under Section 413 of the Act.") Further, we have indicated that the form of the petition is not controlling where there is entitlement to relief. *See generally Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach)*, 584 Pa. 411, 883 A.2d 579 (2005).

Section 443 requires that the Petition be filed pursuant to Section 413 or 430. It demands that the request for supersedeas be denied and that payments made as a result of that denial be unwarranted. I believe that Employer has satisfied all of the required elements: (1) it sought a supersedeas pursuant to a Section 413 Petition to Suspend; (2) the supersedeas was denied by the Workers' Compensation Judge (WCJ) in January of 1998; (3) the proceedings became final upon the Order issued in January of 1999 when the WCJ

granted Employer's Petition for the closed period between July 14, 1995 through September 30, 1998; and (4) compensation was not payable during that period. I can perceive no valid reason for holding that an insurer cannot recover benefits when it is ultimately determined that they should not have been paid.[4] As noted in the Commonwealth Court dissent, the Supersedeas Fund consists solely of payments made by insurers and self-insurers within the Commonwealth for the purpose of reimbursing an insurer that has been forced to pay benefits to which a claimant is not entitled. Accordingly, I would reverse the decision of the Commonwealth Court.

Justices CASTILLE and BAER join this Dissenting Opinion.

---

4. Section 306(f.1)(8) has been compared to a Section 314 request for physical examination. However, the General Assembly included a specific remedy in Section 314 for the instance in which a claimant refuses to undergo a physical examination or expert interview. The failure of the General Assembly to include such a remedy in Section 306(f.1)(8) must be considered intentional and the attempts to apply the Section 314 remedy to Section 306(f.1)(8) can have no validity.