LAND O'LAKES, INC., Crawford & Company and Old Republic Insurance Company, Petitioners

v.

WORKERS' COMPENSATION APPEAL BOARD (TODD), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2007.

Decided Feb. 11, 2008.

Dennis Cullen, Lemoyne, for petitioners, Land O'Lakes, Inc. and Crawford & Company.

Deborah J. Schwartz, Asst. Counsel, Harrisburg, for respondent, Bureau of Workers' Compensation.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Land O'Lakes and Crawford & Co. (hereafter Employer) petition the Court for review of a Workers' Compensation Appeal Board (Board) order denying Employer's request for reimbursement from the Supersedeas Fund pursuant to Section 443(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 999(a). Employer questions whether it retains a right to reimbursement despite the Pennsylvania Supreme Court's decision in *Department of Labor and Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Exel Logistics)*, 586 Pa. 85, 890 A.2d 1045 (2005), when Employer would be deprived of substantive due process rights because its suspension petition and its application for Supersedeas Fund reimbursement were filed prior to *Exel Logistics*, and whether Employer's suspension petition met the requirements for reimbursement pursuant to Section 443(a); Section 413(a), 77 P.S. § 772; and Section 430, 77 P.S. § 971.

I

Lester Todd (Claimant) sustained a compensable work-related injury while em-

ployed at Employer's business on January 10, 2003 when he tripped on a steel beam. Employer paid benefits under a notice of temporary compensation payable for Claimant's right shoulder tendon tear. On June 14, 2004, Employer filed its suspension petition under Section 306(f.1)(8) of the Act, 77 P.S. § 531(8),[1] on Bureau Form LIBC–378 alleging that Claimant "refused reasonable medical treatment that would provide [him] with a high percentage chance of increasing his earning power." Reproduced Record at 1a–3a. Employer sought a suspension based on Claimant's failure to schedule surgery recommended by his physician. Employer's request for supersedeas was denied October 21, 2004, and it continued compensation pending outcome of the suspension petition. By decision circulated November 18, 2005, Workers' Compensation Judge (WCJ) Benischeck granted a suspension and ordered a forfeiture as of June 14, 2004 because Employer met its burden under Section 306(f.1)(8) to show that Claimant refused reasonable medical services involving minimal risks and offering a high probability of success.

Employer filed its application for Supersedeas Fund reimbursement on December 16, 2005, seeking $35,471.39 in compensation paid June 14, 2004 to November 18, 2005. By decision circulated May 16, 2006, WCJ Deeley dismissed the application, stating that *Exel Logistics* controlled the outcome and that for Employer to be reimbursed from the Supersedeas Fund the WCJ had to find that Claimant was ineligible for benefits or that benefits were not due. There was no such finding as Claimant remains eligible for benefits. He instead forfeited benefits because he refused reasonable medical services, but had he accepted those services he would be entitled to benefits. The WCJ stated that the application did not fall under any section that allowed for reimbursement from the Supersedeas Fund, and he thus concluded that forfeitures for a refusal of reasonable medical services are not eligible for Supersedeas Fund reimbursement.

▮▮▮ The Board affirmed after determining initially that its scope of review does not cover review of constitutional issues, *Ligonier Tavern, Inc. v. Workmen's Compensation Appeal Board (Walker)*, 552 Pa. 237, 714 A.2d 1008 (1998), and noting that changes in decisional law occurring during litigation will be applied to those cases that are pending on appeal, *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), and that in *Exel Logistics* the Supreme Court merely provided statutory interpretation and analysis of preexisting case law. As for the merits, the Board determined that the WCJ did not err in granting a suspension of benefits based on forfeiture under Section 306(f.1)(8) of the Act but that Employer failed to meet the requirements under Section 443[2] for Supersedeas Fund reimbursement. The Board reasoned as follows:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

---

1. Section 306(f.1)(8) provides:
   If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal.

2. Section 443(a) of the Act provides in relevant part:

Section 413(a.2) of the Act provides that "a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section ... may be designated as a request for supersedeas...." 77 P.S. § 774. In regards to reimbursement, Section 443(a) provides that in any case where "supersedeas has been requested and denied under the provisions of Section 413 or Section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable," then reimbursement shall be made. 77 P.S. § 999(a).

Section 306(f.1)(8) of the Act mandates forfeiture of certain compensation rights upon a claimant's refusal of reasonable medical services. 77 P.S. § 531(8). A request for forfeiture made pursuant to Section 306(f.1)(8) does not fulfill the requirements for reimbursement under Section 443, which requires a petition to be filed under either Section 413 or Section 430. *Excel Logistics.* However, a claimant's refusal of reasonable medical treatment can warrant the grant of a petition for a suspension of benefits.

A petition alleging the forfeiture of the right to compensation is not the same as a petition for suspension, because forfeiture is based on the claimant's own unwillingness to receive treatment, rather than a change in status, while a suspension requires a change that alters a claimant's rights to benefits. A filing on a Bureau Form LIBC-378 may be used to seek relief under other provisions of the Act in addition to relief sought under Section 413, with the [WCJ's] authority stemming from different sections.

Board Decision at 3–4 (citation omitted).[3]

## II

Section 443(a) of the Act allows Supersedeas Fund reimbursement if an employer meets certain specific requirements. They are that (1) a supersedeas was requested pursuant to Section 413[4] or Section 430[5]; (2) the request was denied; (3) the employer continued benefits because of the denial; (4) it received a final

---

3. The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed or the findings of fact are not supported by substantial evidence in the record. *Helvetia Coal Co. v. Workers' Compensation Appeal Board (Learn),* 913 A.2d 326 (Pa.Cmwlth.2006). Review is plenary when examining questions of law. *J.P. Lamb Constr., Inc. v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation),* 909 A.2d 18 (Pa.Cmwlth. 2006).

4. The second paragraph of Section 413(a) provides in pertinent part that:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased....

5. Section 430, relating to effect of appeal on lien of judgment; petition for supersedeas; penalty for failure to make payment, provides:

(a) The lien of any judgment entered upon any award shall not be divested by any appeal.

(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

order; and (5) a determination ultimately was made that compensation was not payable. *See Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mut. Ins. Co.)*, 113 Pa. Cmwlth.607, 538 A.2d 587 (1988).

Employer first argues that application of the Supreme Court's decision in *Exel Logistics* is an impermissible retroactive application. More specifically, it contends, a court cannot construe legislation that affects a party's substantive rights as applying retroactively absent clear legislative intent to do so. Citing *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995), *aff'd*, 550 Pa. 276, 705 A.2d 432 (1997), Employer argues that its right to reimbursement is substantive and that when such rights are involved the applicable law is that which is in effect at the time the "cause of action" arose, as that term is defined in *Banic*. Based on the relevant dates, Employer submits that its cause of action arose prior to the Supreme Court's December 30, 2005 decision in *Exel Logistics* and that the Board consequently erred in applying it here. In addition, Employer argues that it met all elements for reimbursement under Sections 443, 413 and 430 of the Act and that its suspension petition filed under Section 306(f.1)(8) should in fact be considered as a suspension petition filed under Section 413 because the facts alleged therein support a suspension under that section and the WCJ accepted Employer's evidence regarding improvement in Claimant's disability but for his refusal of the medical treatment. Otherwise, the result would deprive Employer of a remedy to recover its payment of compensation, which ultimately was found to be not payable.

In its brief, the Bureau of Workers' Compensation replies that nothing in Section 413 of the Act allows an employer to change a claimant's benefits based on his/her decision to forgo medical treatment as compared to Section 306(f.1)(8), which provides that a claimant forfeits all rights to compensation where he/she refuses reasonable medical services. Also, Employer's remedy under Section 306(f.1)(8) is not monetary; rather, it is the ability to force a claimant to choose between the recommended medical treatment or forgoing compensation because medical treatment was refused. The Bureau agrees that this case is controlled by *Exel Logistics*. As for retroactive application, this Court decided *Exel Logistics* on June 6, 2003. *See Department of Labor and Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Exel Logistics)*, 827 A.2d 529 (Pa.Cmwlth.2003), *aff'd*, 586 Pa. 85, 890 A.2d 1045 (2005). The Bureau notes that Employer filed its forfeiture petition June 14, 2004 and reimbursement application on December 19, 2005 and that although the Supreme Court affirmed this Court on December 30, 2005, the holding of this Court in *Exel Logistics* was the law throughout this litigation and the underlying forfeiture petition. Therefore, reliance upon *Exel Logistics* did not reflect an improper retroactive application of its holding. Moreover, as noted in *McCloskey*, changes that occur in decisional law during litigation are applied to those cases pending on appeal.

■ The Court rejects Employer's arguments because the Supreme Court's decision in *Exel Logistics* simply interpreted Section 443(a) of the Act, and, as the WCJ and the Board concluded, that case controls. As here, that case involved an employer's petition for forfeiture of benefits filed under Section 306(f.1)(8) due to the claimant's refusal of reasonable medical treatment. The employer requested supersedeas but it was denied and benefits continued. The WCJ ultimately granted the forfeiture petition for the period July

14, 1995 through September 30, 1998, and the employer then sought reimbursement from the Supersedeas Fund of all benefits paid during the pendency of its forfeiture petition. The WCJ denied the request, but on appeal the Board reversed after concluding that the matter was governed by Section 430. This Court reversed, holding that Section 443 provided Supersedeas Fund reimbursement only when a request was made under Sections 413 or 430 and that Section 306(f.1)(8) did not by itself allow for reimbursement.

In affirming, the Supreme Court noted that its review was limited to determining whether an error of law was committed, whether constitutional rights were violated, whether a Commonwealth agency's practices or procedures were followed and whether necessary findings were supported by substantial evidence, *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder)*, 575 Pa. 66, 834 A.2d 524 (2003), and that its scope of review is plenary when examining questions of law. *Daniels v. Workers' Compensation Appeal Board (Tristate Transp.)*, 574 Pa. 61, 828 A.2d 1043 (2003). The Supreme Court reasoned:

> The Commonwealth Court has held where a claimant forfeits his right to compensation by refusing reasonable medical treatment, a petition for suspension of benefits is properly granted. *See Litak v. Workmen's Comp. Appeal Bd. (Comcast Cablevision)*, 155 Pa.Cmwlth. 147, 624 A.2d 773, 775 (1993). . . .

These cases reflect a sometimes casual use of the term "suspension." While each turns on the claimant's refusal of reasonable treatment as required by § 306, each specifically deals with a petition for suspension. None of these cases hold that a petition alleging the forfeiture of the right to compensation is the same as a petition seeking suspension of benefits. A claimant forfeits his right to benefits when he refuses reasonable medical services for his work-related injuries. *See* 77 P.S. § 531(8). An employer may seek a suspension of benefits for other reasons, however, such as an improvement in earning power altering a claimant's need for benefits. *See Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301, 304–05 (1990) ("A 'suspension of benefits' is supported by a finding that the earning power of the claimant is no longer affected by his disability, whether it arises from his employer offering suitable replacement employment, or from the ability of the claimant to secure other suitable employment that provides equal or greater compensation."). Forfeiture is based on the claimant's own unwillingness to receive treatment rather than a change in status. With forfeiture, there is no requirement of a change which alters a claimant's right to benefits, as exists with a suspension of benefits. Because appellant's petition was under the forfeiture section, it was not a suspension petition, and cannot fall under § 413; thus, appellant is not entitled to reimbursement from the Supersedeas Fund.

Further, contrary to the conclusion of the WCAB, a forfeiture petition does not fall under § 430. Section 430 prohibits an employer from terminating, decreasing, or refusing to make a payment after benefits have been awarded without first filing and being granted a supersedeas. An employer filing a forfeiture petition, however, is not contesting disability but rather is alleging a claimant has forfeited his right to benefits by refusing reasonable medical treatment.

*Exel Logistics*, 586 Pa. at 90–91, 890 A.2d at 1048–1049 (citations omitted).

■ There is absolutely no doubt that the Supreme Court's decision in *Exel Logistics* controls the outcome of this case. The court's holding that a petition filed

under Section 306(f.1)(8) of the Act is not the equivalent of a suspension or a termination petition under Section 413 or Section 430 is binding. The Supersedeas Fund was created to protect insurers who paid compensation to claimants that ultimately was decided to be not payable, *see J.P. Lamb Constr., Inc. v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 909 A.2d 18 (Pa. Cmwlth.2006). Inasmuch as Employer's request for reimbursement was made in conjunction with its forfeiture petition under Section 306(f.1)(8), which did not result in a finding by the WCJ that compensation was not payable, and the holding in *Exel Logistics* was the law throughout these proceedings, the WCJ and Board properly applied *Exel Logistics* to this case. Accordingly, the Court must affirm.

## ORDER

AND NOW, this 11th day of February, 2008, the Court affirms the order of the Workers' Compensation Appeal Board.