# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Talen Energy,                                          :
                          Petitioner              :
                                                      :
              v.                                  :     No. 860 C.D. 2016
                                                  :     Submitted:  December 2, 2016
Workers' Compensation Appeal                     :
Board (James),                                    :
                          Respondent             :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                    FILED:  June 27, 2017

Talen Energy (Employer)[1] petitions for review from the April 29, 2016 Order of the Workers' Compensation Appeal Board (Board), modifying in part, and affirming otherwise, the Workers' Compensation Judge's (WCJ) Decision and Order that granted the Claim Petition of Angela James (Claimant).  On appeal, Employer argues that the WCJ and the Board erred in concluding that Claimant's back injury occurred in the course and scope of her employment.  Finding no error, we affirm.

---

[1] When this action commenced, Employer was known as PPL Susquehanna but subsequently spun off forming Talen Energy.

Claimant worked as a handyman at Employer's nuclear power plant. On October 4, 2011, after completing her shift, Claimant was stopped at a stop sign located at the intersection of an access road leading to Employer's plant and Route 11, waiting to turn right onto Route 11.[2] A manager was stopped behind Claimant on the access road. For reasons unknown, the manager proceeded to advance prior to Claimant pulling forward, resulting in his vehicle striking the back of Claimant's vehicle. Claimant, manager, and another employee who witnessed the accident immediately pulled over to the side of the road. Upon her co-worker's urging, Claimant called her supervisor and notified him of the accident.

Although her back hurt, she did not seek medical attention until the following day. Over the course of several months, she continued to receive various treatments for her back injury. In June 2012, a chiropractor restricted Claimant to light-duty work. Employer was unable to accommodate the restrictions, and Claimant's last day of work was June 19, 2012. Shortly thereafter, Claimant filed a Claim Petition alleging that she suffered a "low back injury with radiculopathy" as the result of the vehicle accident, and the injury occurred in the course of her employment. (Claim Petition, R.R. at 1a-3a.) Employer denied that the injury occurred in the course of Claimant's employment.[3]

Following a series of hearings, the WCJ granted the Claim Petition. The WCJ found, *inter alia*, the accident occurred on an access road controlled by Employer, and Claimant suffered a work-related injury under Section 301(c)(1) of

---

[2] The access road is the main point of entry to the plant. It is posted with a sign that says "private property" and warns those driving on it that they are subject to search. There is also an unmanned guard shack on the access road, as well as a gate. Employer is responsible for winter maintenance on the access road.

[3] There were other issues raised by Employer that were before the WCJ, but those are not at issue here.

the Workers' Compensation Act (Act), 77 P.S. § 411(1).[4]  Employer appealed to the Board, which amended the date of disability but otherwise affirmed.  Employer now seeks review by this Court,[5] arguing the Board erred as a matter of law in affirming the WCJ's determination that Claimant's back injury occurred in the course of her employment because Claimant's injury was not caused by a condition of Employer's premises.

Under Section 301(c)(1) of the Act, an injury is compensable only if the claimant proves that the injury occurred in the course of employment and was related thereto.  *O'Rourke v. Workers' Comp. Appeal Bd. (Gartland)*, 125 A.3d 1184, 1189 (Pa. 2015).  Whether an employee's injury occurred in the course of his or her employment is a question of law to be determined based upon the WCJ's findings of fact.  *PPL v. Workers' Comp. Appeal Bd. (Kloss)*, 92 A.3d 1276, 1283 (Pa. Cmwlth.) (citation omitted), *petition for allowance of appeal denied*, 104 A.3d 6 (Pa. 2014).

Section 301(c)(1) of the Act provides, in pertinent part:

> The term "injury arising in the course of his employment," as used in this article, . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

[5] "Our standard of review is limited to a determination of whether there has been a violation of constitutional rights, whether an error of law has been committed, or whether all necessary findings of fact are supported by substantial evidence."  *Markle v. Workers' Comp. Appeal Bd. (Bucknell Univ.)*, 785 A.2d 151, 153 n.2 (Pa. Cmwlth. 2001).  When reviewing questions of law, our review is plenary.  *Land O'Lakes, Inc. v. Workers' Comp. Appeal Bd. (Todd)*, 942 A.2d 933, 936 n.3 (Pa. Cmwlth. 2008).

employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1). Therefore, there are two methods of determining whether an injury occurs in the course of employment. First, a claimant is injured in the course of his or her employment if the injury occurred while the claimant was actually engaged in the furtherance of the employer's business or affairs, regardless of where the injury occurred. *Allegheny Ludlum Corp. v. Workers' Comp. Appeal Bd. (Hines)*, 913 A.2d 345, 348 (Pa. Cmwlth. 2006), *petition for allowance of appeal denied*, 932 A.2d 77 (Pa. 2007). Second, if the claimant was not furthering the employer's interest at the time of the injury, the injury will be compensable if: (1) the injury occurred on the employer's premises; (2) the claimant's presence thereon was required by the nature of claimant's employment; and (3) the injury was caused by the condition of the premises or by the operation of employer's business. *Id.* This second test is frequently referred to as the *Slaugenhaupt* test, after the claimant in *Workmen's Compensation Appeal Board v. U.S. Steel Corporation*, 376 A.2d 271 (Pa. Cmwlth. 1977).

Employer argues that Claimant was not furthering Employer's business or affairs at the time she was injured because she was leaving work after her shift ended, and, therefore, was required to prove all three requirements of the *Slaugenhaupt* test. Employer argues Claimant failed to satisfy the third prong – that her injury was caused by a condition of the premises.[6]

---

[6] Although Employer questioned whether Claimant was injured on Employer's premises, before the WCJ and Board, it does not argue that Claimant does not meet the first prong of the test on appeal. In addition, Employer concedes that Claimant meets the second prong of the test.

4

The WCJ discussed the *Slaugenhaupt* test in his decision, but it is not clear whether he applied it or the first test in concluding Claimant's injury was compensable. (*See* WCJ Decision, Finding of Fact (FOF) ¶ 32.) In its decision, the Board does not mention *Slaugenhaupt* or any of its elements, instead concluding "because Claimant was injured while on the premises controlled by [Employer] shortly after her shift had ended, her injury was compensable and she was not required to prove that she sustained injuries caused by the condition of the premises or by operation of Employer's business or affairs thereon." (Board Op. at 6-7.) In support of this proposition, the Board cites *Epler v. North American Rockwell Corporation*, 393 A.2d 1163 (Pa. 1978), where the claimant was struck by a car crossing a public street between the employer's plant and employer's parking lot at the end of his shift. In awarding the claimant benefits, the Pennsylvania Supreme Court stated:

> [an] employee is entitled to compensation even where the accident occurs after the completion of a work assignment for a given day. Under established law of this jurisdiction any injury occurring to an employee up until the time he leaves the premises of the employer, provided that it is reasonably proximate to work hours, is compensable.

*Id.* at 1165. *See also Newhouse v. Workmen's Comp. Appeal Bd. (Harris Cleaning Serv., Inc.)*, 530 A.2d 545, 547 (Pa. Cmwlth. 1987) ("Even though not actually engaged in the employer's work, an employee will be considered to have suffered an injury 'in the course of employment' if the injury occurred on the employer's 'premises' at a reasonable time before or after the work period.").

In *Motion Control Industries v. Workmen's Compensation Appeal Board (Buck)*, we explained the above holdings "inherently impl[y] that once an employee is on the [e]mployer's premises, actually getting to or leaving the

5

employee's work station is a necessary part of that employee's employment, and thus, **definitively furthering the employer's interests**." 603 A.2d 675, 678 (Pa. Cmwlth. 1992) (emphasis added). In *Motion Control*, an employee was shot and killed in his employer's parking lot while walking to his car after work. Similar to Employer here, the employer in *Motion Control* argued that the three-part *Slaugenhaupt* test should apply because the employee was not furthering his employer's interest at the time he was shot. We disagreed, noting that the *Slaugenhaupt* test is not mandatory in parking lot cases. *Id.* at 677. Because the employee was within the course of his employment, we determined it was unnecessary to address whether a condition of the premises caused the injury. *Id.* at 678 n.3.

In *Allegheny Ludlum*, we again found an employee, who was struck and killed by a drunk driver as he walked on a sidewalk between employer's parking lot and plant on his way to work was furthering his employer's interest at the time. 913 A.2d at 349. Because the employee was furthering his employer's interest, we concluded application of the *Slaugenhaupt* test was unnecessary. *Id.* at 350 n.7.

We reached a similar result in *Ace Wire Spring and Form Company v. Workers' Compensation Appeal Board (Walshesky)*, 93 A.3d 923 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 104 A.3d 6 (Pa. 2014). There, the claimant fell on some ice in the parking lot while putting clean uniforms he retrieved from employer in his vehicle before his shift started. We initially noted that the phrase "actually engaged in the furtherance of the business or affairs of the employer" in Section 301(c)(1) of the Act must be liberally construed. 93 A.3d at 926 (citing *Lewis v. Workers' Comp. Appeal Bd. (Andy Frain Servs., Inc.)*, 29 A.3d 851, 862 (Pa. Cmwlth. 2011)). We then reiterated that getting to and leaving an

6

employee's workstation is a necessary part of employment and as a result, the employer's interests are necessarily advanced. *Id.* at 932. The *Slaugenhaupt* test was not applied.

More recently, this Court has also determined that the three-part *Slaugenhaupt* test is inapplicable if an employee is injured on the employer's premises within a reasonably proximate time to work. *See BC Food Market v. Workers' Comp. Appeal Bd. (Shah Mahar-Ullah and Uninsured Emp'r Guar. Fund)* (Pa. Cmwlth., No. 2100 C.D. 2015, filed Jan. 31, 2017); *Eastern Logistics, Inc. v. Workers' Comp. Appeal Bd. (Jenkins)* (Pa. Cmwlth., No. 255 C.D. 2015, filed Aug. 5, 2015), *petition for allowance of appeal denied*, 128 A.3d 222 (Pa. 2015).[7] In *BC Food*, the claimant was shot while sitting in his supervisor's vehicle outside of the store where they worked after the store closed. Because the injury occurred right after the store closed and claimant was leaving work, and because the location was a reasonable means of ingress and egress to the store, the Court concluded claimant was furthering his employer's interests. *BC Food*, slip op. at 12. In *Eastern Logistics*, the claimant was struck in the employer's parking lot walking to his car at the end of his shift. His employer made the same argument that Employer makes here, *i.e.*, that claimant's injuries were not caused by a condition of the employer's premises. This Court applied the first test in Section 301(c)(1) of the Act and concluded that the claimant's injuries occurred in the employer's parking lot shortly after clocking out for the day; consequently,

---

[7] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of this Court issued after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

7

claimant was injured while furthering his employer's interests. *Eastern Logistics*, slip op. at 5.

Employer cites a number of cases in support of its argument that Claimant was not furthering Employer's interests and, therefore, that the *Slaugenhaupt* test controls. However, those cases are distinguishable from the facts here or the facts in any of the above-cited cases. For instance, in *Dana Corporation v. Workmen's Compensation Appeal Board (Gearhart)*, this Court found the claimant was not furthering his employer's interest when he stopped to help a co-worker who was having car trouble and was injured when the car coasted into him. 548 A.2d 669, 670 (Pa. Cmwlth. 1988). Because he failed to satisfy the three parts of the *Slaugenhaupt* test, he was not entitled to benefits. However, as Employer appears to recognize in its brief, in *Dana Corporation*, the claimant **voluntarily** helped his co-worker and was on the employer's premises **for a longer time period than normal**. While he was furthering the interests of his colleague, it could not be said he was furthering his employer's interests. In *PPL v. Workers' Compensation Appeal Board (Kloss)*, 92 A.3d 1276 (Pa. Cmwlth. 2014), the claimant fell in a privately-owned parking garage after work. This Court applied the *Slaugenhaupt* test. However, there, we determined that the parking garage did not constitute the employer's premises. *Id.* at 1285. Because *Epler* and *Newhouse* require that a claimant's injuries occur on the employer's premises within a reasonable proximate amount of time to work hours, the claimant in *Kloss* could not be considered to be furthering the employer's interests. Lastly, Employer cites *Anzese v. Workmen's Compensation Appeal Board*, 385 A.2d 625 (Pa. Cmwlth. 1978). There, the employee was struck by lightning while sitting on his motorcycle in the employer's parking lot at the end of his workday. In denying the fatal death claim,

8

the Court concluded he was not furthering his employer's interests, and his death was not in any way related to a condition of the premises. *Id.* at 627. Unlike the facts of this case, *Anzese* involved an act of God.

In the instant case, Claimant was injured when her vehicle was struck from behind while she was stopped at a stop sign at the end of Employer's access road shortly after her shift ended. Because the injury occurred on the Employer's premises within a reasonable amount of time after her workday ended and getting to and from work necessarily furthers the Employer's interests, neither the WCJ nor Board erred in finding that Claimant was within the course of employment when she was injured. Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Talen Energy,                                     :
                              Petitioner          :
                                                  :
                    v.                            :   No. 860 C.D. 2016
                                                  :
Workers' Compensation Appeal                      :
Board (James),                                    :
                              Respondent          :

# **O R D E R**

**NOW**, June 27, 2017, the Order of the Workers' Compensation Appeal
Board, entered in the above-captioned matter, is hereby **AFFIRMED**.


_____
**RENÉE COHN JUBELIRER,** Judge